IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Judge Conner |
| | : | |
| v. | : | Docket #1:06-CR-199 |
| | : | |
| JAIME CARDENAS-BORBON, | : | |
| ANTONIO AVILA, FERNANDO BELTRAN | : | |
| a/k/a VICTOR ESPINOSA, ELVIN DELGADO | : | |
| and ROGELIO LOPEZ | : | filed electronically |

**DEFENDANT CARDENAS-BORBON'S RESPONSE TO MOTION IN LIMINE**

**I.   Procedural history and Facts:**

The government has filed a motion *in limine* to establish procedures for introducing evidence by means of English translations of telephone conversations between Rogelio Lopez and a cooperating individual that was consensually recorded. (Doc. 1108)  The government also proposes to introduce English translations of telephone conversations between Antonio Avila and Fernando Beltran and a cooperating individual that were also consensually recorded. Finally, the government proposes to introduce English translations of telephone conversations between Avila, Beltran and others that were intercepted and recorded pursuant to court authorization. (Doc. 1108, para. 3)  After introducing the electronic disks, transcripts and translations as evidence (Doc. 1108, para. 11(A), 11(B) ) the government proposes to have the cooperating individual read to the jury excerpts of the transcript and have agents read the portions of the transcript that apply to others in the conversation. (Doc. 1108, para. 11(E) )

The government has represented to counsel that none of the conversations involve the defendant, Jaime Cardenas-Borbon.  Therefore, Cardenas-Borbon has no objection to the accuracy of the transcripts.  Nor does Cardenas-Borbon have an objection to the English translations of the transcripts.  However, Cardenas-Borbon does object to introduction of the

evidence and the government's proposed procedure to the extent that the evidence and procedure is previously addressed in Cardenas-Borbon's pending May 27th motion *in limine* objecting to introduction of co-conspirator's statements pursuant to Fed.R.Evid. 801(d)(2)(E).  (Doc. 1104) On June 2, 2009 Beltran moved to join in Cardenas-Borbon's motion. (Doc. 1128)

**II.  Issue:**
**Should the witness be permitted to testify from a script rather than the witness's independent recollection of the events in order to expedite introduction of evidence?**

**III.  Argument:**
In an effort to expedite the process of introducing translated recordings of conversations between the defendants and others, the government is proposing that the informant read an English translation of recordings made of earlier conversations with the defendants.  In so doing, the government is by-passing the usual practice that the witness must testify from his independent recollection of events.  Instead, the government is proposing that the witness testify from a script.  Accordingly, the defense objects to the government's proposed procedure.

As a general rule, a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed.R.Evid. 602.  A witness may rely upon a memorandum or writing in giving his testimony in only two situations.  If the witness requires the writing to refresh his memory and is then able to testify from his own independent recollection, it is known as present recollection refreshed and subject to Fed.R.Evid. 612.  If the witness cannot testify from his own independent recollection, even after referring to the memorandum or writing, but can meet the other requirements, the memorandum itself becomes admissible as past recollection recorded.  Fed.R.Evid. 803(5).

By proposing that the conversations between the informants, Lopez, Avila, Beltran and others be introduced by having the informant read from the transcript rather than recalling the events from his independent memory of the events, all of the defendants are being deprived of

the right to cross-examine the informant regarding his independent recollection of the events. Moreover, the government is improperly bolstering the testimony of the witness prior to the witness being impeached.

Instead of the government's proposed procedure, the government should be required to have the informant testify from his independent recollection of the events. If the informant cannot recall the events from his own independent memory, the government may be permitted to attempt to refresh the witness's independent recollection and the transcripts may certainly be used for this purpose. However, the witness <u>must</u> testify from his own present recollection and <u>may</u> <u>not</u> read directly from the transcript. Afterwards, the defense should be permitted to cross examine the informant with respect to any inconsistencies between the informant's testimony and the transcript. In turn, the government should be permitted to rehabilitate the informant with consistent portions of the transcript.

Should it be necessary to introduce portions of the transcript in this manner, the defense has no objection to the government's proposal that the informant read his statements and the agents read the relevant portions of other participants in the conversation.

**IV.   Conclusion:**

This Court should not permit the government to present evidence against these defendants by means of having the informant testify from a script. The witness must testify from his independent recollection of the events.

Only after the witness testifies and is cross-examined and impeached with inconsistencies between the witness's testimony and the transcript, should the government be permitted to rehabilitate the witness with the transcript.

> Respectfully submitted,
>
> s/  Daniel M. Myshin
>
> Daniel M. Myshin, Esq., PA #40366
> 4800 Linglestown Road, Suite 305
> Harrisburg, PA 17112-9507
> Telephone:    717.541.5451
> Facsimile:    717.541.5457
> dmmesq@myshinlaw.com

## CERTIFICATE OF SERVICE

AND NOW, this 3rd day of June, 2009 the undersigned certifies that he is a person of suitable age and discretion to be competent to serve papers. The undersigned further certifies that he served a copy of the attached document upon the following persons in the manner indicated below:

By ECF filing and notice addressed to:
christy.fawcett@usdoj.gov           pbfoster114@aol.com
tjmcgowan@killiangephart.com        mcmahonlaw@hotmail.com
jason@stoneatlaw.com

By US Mail, first class postage prepaid addressed to:
Jaime Cardenas-Borbon, DCP #68821, Dauphin County Prison, 501 Mall Road, Harrisburg, PA 17111-1299

> Respectfully submitted,
>
> s/      Daniel M. Myshin
>
> Daniel M. Myshin, Esq. PA #40366
> 4800 Linglestown Road, Suite 305
> Harrisburg, PA 17112-9507
> Telephone:     717.541.5451
> Facsimile:     717.541.5457
> dmmesq@myshinlaw.com