# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | CRIMINAL NO. 1:06-CR-0199-02 |
| : | |
| v. : | (Judge Conner) |
| : | |
| **GABRIEL RIVERA-GIL** : | |

## MEMORANDUM

Presently before the court is the above-captioned defendant's oral motion lodged on June 12, 2009 to withdraw his guilty plea. For the reasons that follow, the motion will be denied.

Rule 11 of the Federal Rules of Criminal Procedure governs the entry, acceptance, and withdrawal of plea agreements and guilty pleas by a criminal defendant. A plea agreement must be accepted by the court, see FED. R. CRIM. P. 11(c), and the defendant has no absolute right to withdraw a plea after it has been entered. See United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001). A defendant may later move to withdraw a guilty plea; however, the defendant shoulders a heavy burden to "show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B); see also United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003). The court evaluates a plea withdrawal motion in light of the following three factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdraw." See United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005) (quoting Jones, 336 F.3d at 252); United States v. Huff, 873 F.2d 709, 712 (3d Cir. 1989). Shifts in defense strategy, a charge of heart by the

defendant, or fears of punishment if the defendant upholds his obligations under a plea agreement are insufficient to warrant withdrawal. See Jones, 336 F.3d at 252; Brown, 250 F.3d at 815.

In the instant matter, defendant has failed to establish a fair and just reason for withdrawal of his guilty plea. Defendant does not contend that he is innocent of the charges to which he pled guilty, nor does he contest the accuracy of the offense conduct as described by the prosecutor during his change-of-plea hearing on November 21, 2008. (See Doc. 1142 at 20-22.) Rather, defendant wishes to withdraw his guilty plea merely because he desires to be excluded from his obligations under the plea agreement (Doc. 868). He has not explained the reasons underlying his refusal to uphold his plea bargain, and his bald averment of inability to comply with the plea agreement is a weak justification for withdraw of his plea. Moreover, granting defendant's request would impose significant prejudice upon the government, which is currently in the midst of a lengthy trial of defendant's co-conspirators. Had defendant not pled guilty, he would be standing trial alongside these individuals. Withdrawal of defendant's plea would subject the

government to another lengthy criminal prosecution that would unnecessarily duplicate the current proceedings.¹

The court therefore concludes that defendant has failed to articulate any "fair and just reason" underlying his plea withdrawal request. FED. R. CRIM. P. 11(d)(2)(B). Having once sounded a tocsin of his guilt, defendant cannot now retract the resulting peal. The motion to withdraw his guilty plea will be denied.

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: June 15, 2009

---

¹On June 12, 2009, counsel for co-defendant Jaime Cardenas-Borbon argued on the record that the government would suffer minimal prejudice as a result of withdrawal of defendant's guilty plea because he could be tried alongside co-conspirator Elvin Delgado. The proceedings against Delgado have been severed from those against the defendants currently being tried, and Delgado's trial is currently scheduled to commence on September 8, 2009. (See Doc. 1179.) However, it is the court's understanding that much of the evidence against Delgado is distinct from that against the remaining co-conspirators and that his trial will not require wholesale duplication of the evidence presented in the current trial. Thus, joinder of defendant's trial with that against Delgado would not alleviate the prejudice that the government would as a result of withdrawal of defendant's guilty plea. Moreover, defendant's failure to assert his innocence or to provide an otherwise compelling reason for withdrawal provide independently sufficient grounds for denial of the instant motion notwithstanding the availability of an alternate trial date.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-0199-02** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **GABRIEL RIVERA-GIL** | : | |

## **ORDER**

AND NOW, this 15th day of June, 2009, upon consideration of the oral motion for leave to withdraw defendant's guilty plea made on the record on June 12, 2009, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge