# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | CRIMINAL NO. 1:06-CR-0199-01 |
| : | |
| v. : | **(Judge Conner)** |
| : | |
| **JAIME CARDENAS-BORBON** : | |

## MEMORANDUM

A jury trial was held in the above-captioned matter from June 8 through June 23, 2009. In advance of jury selection, defendant Jaime Cardenas-Borbon (Doc. 1148) submitted a request (Doc. 1148) to waive his right to a jury and have his case adjudicated in a bench trial. The court denied the request on the record during the first day of trial after conducting a colloquy with Borbon and his counsel regarding the reasons underlying his request. The court has prepared the instant memorandum to provide further explanation for denial of Borbon's request.

The Sixth Amendment guarantees criminal defendants the right to a jury trial; however, there is no concomitant right to waive trial by jury and obtain a bench proceeding. See Singer v. United States, 380 U.S. 24, 35-36 (1965). Pursuant to Rule 23(a) of the Federal Rules of Criminal Procedure, a defendant may obtain a bench trial if (1) defendant executes a written waiver of his right to a jury, (2) the government consents, and (3) the court approves the request. See FED. R. CRIM. P. 23(a). The absence of any of these three elements defeats defendant's waiver. See United States v. Saferstein, No. 07-CR-557, 2009 WL 1010501, at *2 (E.D. Pa. Apr. 14, 2009); accord Mason v. United States, 250 F.2d 704, 706 (10th Cir. 1957) ("[T]he trial court is vested with a sound discretion in determining whether a jury

trial should or should not be had, notwithstanding the accused's request that he be tried to the court."). In this matter, the government consented to Borbon's request *provided*, however, that his case was not severed from the proceedings against his co-defendants. Hence, approval of the request would have resulted in a concurrent bench and jury trial.

A district court possesses discretion to approve or disapprove a defendant's waiver of a jury trial notwithstanding mutual assent by the parties. The court should evaluate the reasons underlying defendant's request and should consider whether pretrial publicity or other circumstances could prevent defendant from receiving a fair trial. United States v. Clapps, 732 F.2d 1148, 1151 (3d Cir. 1984); United States v. Anderson, 704 F.2d 117 (3d Cir. 1983). It must also evaluate whether complexity of the case or the prejudicial nature of the evidence would impair defendant's ability to obtain a fair hearing or would result in juror confusion. Clapps, 732 F.2d at 1151; Saferstein, 2009 WL 1010501, at *2; see also 2 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 372 (3d ed. 2000). Moreover, in a multi-defendant trial, the court need not approve a single defendant's wavier of a jury trial if doing so would hinder the court's ability to administer a joint trial of all defendants. See United States v. Farries, 459 F.2d 1057, 1061 (3d Cir. 1972) (upholding district court's refusal to accept a jury trial waiver because a bench trial would have required severance of defendant's case and imposed considerable expense and additional security demands on the court and the parties).

In the case *sub judice*, Borbon desired to waive his jury trial rights because he feared that jurors would be unduly biased by his immigration status and by that of his co-defendants. Borbon, a Mexican national who legally entered the United States, believed that the illegal immigration status of his co-defendants could arouse jury bias and prevent jurors from impartially evaluating his case. He argued that a bench trial would ensure that he received a fair adjudication of his guilt or innocence.

Borbon's concerns, which are akin to those advanced without success by defendant in United States v. Farries, do not support his waiver request. In Farries, one defendant in a multiple defendant trial sought to waive his right to a jury trial on the ground that, *inter alia*, jurors would harbor bias against him due to his race and religion. 459 F.2d at 1060. The government refused to consent to severance of his case due to security and cost factors associated with multiple trials, which would have required repetition of testimony from several inmate witnesses. Id. at 1061. The United States Court of Appeals for the Third Circuit upheld the district court's denial of defendant's request, noting that the court's extensive voir dire ensured juror impartiality and "dispel[led] any suspicion that [the defendant's race or religion] influenced the jury."[1] Id. at 1061.

---

[1] The Ferries court expressed no opinion regarding whether acceptance of the defendant's waiver would have been proper "had [he] been willing to be tried [alongside his co-defendants,] with the court deciding his guilt and the jury deciding the guilt of the others." 459 F.2d at 1061. For the reasons discussed at pages 4-5, infra, a concurrent bench/jury trial would have been impracticable in this case.

In Borbon's case, the conspiracy and drug-trafficking charges contained in the third superceding indictment (Doc. 828) were readily within comprehension of the jury. Jurors could easily track the movement of contraband through the conspiracy and dispassionately evaluate Borbon's guilt or innocence based solely on the evidence presented. The court screened prospective jurors for ethic bias through voir dire questioning and instructed jurors in its opening and closing instructions to guard against racial, ethnic, or religious bias when entering deliberations and not to consider defendants' immigration status.

In contrast, Borbon's request—if granted—would have significantly impeded the jury process because it would have created a substantial risk of juror confusion. Borbon would have proceeded to trial in the company of three co-defendants, none of whom requested a bench trial. The government refused to consent to Borbon's request if it would have resulted in severance of his case. Under these circumstances, jurors would have been required to hear evidence about Borbon's case but prevented from adjudicating his guilt. Such a proceeding would have engendered unwarranted evidentiary speculation regarding both Borbon's role in the conspiracy vis-à-via his co-defendants and his individual criminal responsibility.

The risk of juror confusion could not have been remedied effectively with a curative instruction. To the contrary, such action would have simply called attention to Borbon's unique trial posture and spawned further juror speculation. The court was particularly concerned that heightened scrutiny of Borbon's status

4

would have led inexorably to improper inferences on evidentiary evaluation and would have tainted resolution of the ultimate issue of guilt or innocence.

Moreover, a joint bench-and-jury proceeding would have involved multiple fact-finders, creating the potential for differing conclusions regarding issues of witness credibility and reliability of the evidence. Such disparities would have created a risk of inconsistent verdicts between Borbon and his alleged co-conspirators, thereby jeopardizing the judiciary's overarching interest in fair and equitable criminal proceedings. Lengthy, complex trials require careful judicial administration to ensure that all parties have opportunity to raise evidentiary objections and that jurors are accurately instructed about the law. Requiring the court and jury to act as concurrent fact-finders would erect difficult hurdles to effective trial management and fetter the court's ability to conduct the trial in a manner that is efficient and fair to all parties.

Finally, Borbon's request was not accompanied by circumstances that typically support waiver of a jury trial. To the court's knowledge, there was no pretrial publicity that unduly prejudiced the venire, nor were there extraneous circumstances that prevented Borbon from receiving a fair hearing before a jury of his peers. To the contrary, Borbon's request appears to be a last-minute[2] and

---

[2] Borbon's counsel filed an unsigned waiver of his jury trial rights at approximately 6:45 p.m. on the Friday before trial proceedings, which commenced at 9:00 a.m. the following Monday. (Doc. 1148, Ex. A.) The signed waiver (Doc. 1161) required by Rule 23(a)(1) was presented to the court approximately twenty-five minutes prior to the commencement of jury selection.

5

somewhat inelegant effort to obtain severance of his case. Under the circumstances, such a request is ill-conceived.

Accordingly, pursuant to Rule 23(a)(3) of the Federal Rules of Criminal Procedure, the court disapproved of Borbon's waiver of his right to a jury trial on the record of the trial in the above-captioned matter on June 8, 2009.

     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     June 25, 2009