# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | CRIMINAL NO. | 1:06-CR-0199-01 |
| --- | --- | --- | --- |
|  | : |  | 1:06-CR-0199-10 |
| v. | : |  | 1:06-CR-0199-11 |
|  | : |  | 1:06-CR-0199-24 |
| **JAMIE CARDENAS BORBON,** | : |  |  |
| **ANTONIO AVILA, FERNANDO** | : | (Judge Conner) |  |
| **BELTRAN, and ROGELIO LOPEZ** | : |  |  |
|  | : |  |  |
| **Defendant** | : |  |  |

## ORDER

AND NOW, this 23rd day of November, 2009, upon consideration of the government's amended motion (Doc. 1252) for a preliminary order of forfeiture, and upon consideration of defendant Cardenas-Borbon's response (Doc. 1273) to the same, and it appearing that the third superseding indictment filed against the defendants sought forfeiture of any property constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violations alleged in said indictment, and any and all property used or intended to be used in any manner to commit or facilitate the commission of the violations alleged in said indictment, (see Doc. 828), and it further appearing that defendants were tried before a jury of their peers and were found guilty on the charges of the third superseding indictment, (see Doc. 1214), and that the parties agreed that the forfeiture issue would be decided by the court (see Trial Tr. at 159),[1] and the court having jurisdiction pursuant to 21 U.S.C. § 853, and the court finding that, based on

---

[1] Citations to the transcript of the twelfth day of trial are abbreviated as "Trial Tr."

the record of the trial, the government has established by a preponderance of the evidence that the defendants acquired the property at issue during the period of their violations of 21 U.S.C. § 846 and/or 21 U.S.C. § 841 and that there was no likely source for such property other than the violations of 21 U.S.C. § 846 and/or 21 U.S.C. § 841, see FED. R. CRIM. P. 32.2(d), and the court concluding that the property is subject to forfeiture because the government has established the requisite nexus between the property and the offenses, see FED. R. CRIM. P. 32.2(b)(1) ("If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense."); FED. R. CRIM. P. 32.2(b)(2) ("If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property without regard to any third party's interest in all or part of it."), it is hereby ORDERED that the motion (Doc. 1252) is GRANTED as follows:

1. The defendant shall forfeit to the United States the following property:

    a. all property involved in or traceable to offenses involving 21 U.S.C. § 846 and 21 U.S.C. § 841,

    b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained directly or indirectly, as a result of such violations involving such offenses, and

    c. any property, real or personal, used or intended to be used in any manner or part to commit or facilitate the commission of the offenses involving 21 U.S.C. § 846 and 21 U.S.C. § 841.

2. The following property is subject to forfeiture, based on the jury's guilty verdict, and the court finds that the government has established the requisite nexus between such property and such offenses:

a. cash in the amount of $182,720.00, seized from Room 147, Days Inn, Lancaster, Pennsylvania,

b. cash in the amount of $3,212.00, seized from Gabriel Rivera-Gil,

c. $94,400.00, seized from a maroon Chevrolet Tahoe SUV on December 6, 2006,

d. approximately $3,000.00, seized from a Harrisburg post office box on October 29, 2007, and

e. approximately $41,000.00, seized from a Harrisburg post office box on December 2, 2007.

3. After the disposition of any motion filed under Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

4. The government shall have clear title to the subject property following the court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(1) for the filing of third-party petitions.

5. Upon adjudication of all third-party interests, the court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(1), in which all interests will be addressed.

6. The court shall retain jurisdiction to enforce this order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

7. The clerk of court is instructed to forward four certified copies of this order to Assistant U.S. Attorney Amy C. Phillips, U.S. Attorney's Office, Middle District of Pennsylvania.


      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge